IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PIERRE DEPREE HUSBAND,

        Plaintiff,

v.

ANN TURNER, Madison Police Dept.
Detective and DOROTHY DOHEY,
Madison Police Dept. Detective,

        Defendants.

ORDER

07-C-391-C

---

On October 31, 2007, this court received plaintiff's motion and demand for discovery and notice of witness list. *See* Dkt. 15. I am denying the motion and directing plaintiff to follow the Federal Rules of Civil Procedure.

At the October 16, 2007 telephonic preliminary pretrial conference, I advised plaintiff that he must obtain, review and follow the Federal Rules of Civil Procedure to obtain discovery in this case. Paragraph 4 of the Preliminary Pretrial Conference Order, at pp. 8-10 explains in detail how plaintiff may obtain discovery in this case. I directed plaintiff to read that order as soon as possible in order to understand what he needed to do, how he needed to do it, and when he needed to do it in this lawsuit. Apparently plaintiff chose not to do so, instead rushing ahead with an irrelevant demand under state procedures. The Wisconsin statutes governing discovery are a nullity in this federal civil rights lawsuit. The current

demand and motion are stricken. If plaintiff wants information from defendants, he must use the appropriate procedures to obtain it.

Finally, as stated in the Preliminary Pretrial Conference Order at 10, the court does not want the parties to file their discovery material, including requests, with the court. Plaintiff should direct his discovery demands to defendants' attorney; the court only needs to be involved if there is a discovery dispute that requires a motion, response, and a court ruling. Such is not the case at this time.

Entered this 2d day of November, 2007.

BY THE COURT:
/s/
STEPHEN L. CROCKER
Magistrate Judge