IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PIERRE DEPREE HUSBAND,

                          Plaintiff,

    v.

ANN TURNER, Madison Police Dept. Detective; and
DOROTHY DOHEY, Madison Police Dept. Detective,

                        Defendants.

ORDER

3:07-cv-391-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On December 28, 2007, plaintiff moved for summary judgment in this case. According to the schedule established for briefing the motion, defendants had until January 28, 2008 to oppose the motion. Later, that deadline was moved to February 1, 2008, with plaintiff's reply being due on February 11, 2008. On January 31, 2008, plaintiff asked that his reply deadline be advanced four days to February 15, 2008. An order responding to that motion was entered giving defendants an extension of time to February 18, 2008 in which to oppose plaintiff's motion, and plaintiff until February 28, 2008, in which to serve and file a reply. To confuse matters further, on the same day (January 31, 2008), defendants filed a cross motion for summary judgment, together with

1

materials supporting their motion and opposing plaintiff's motion. A schedule for briefing that motion was issued automatically by the electronic filing system, setting plaintiff's opposition deadline at March 3, 2008, and defendants' reply deadline at March 11, 2008. On February 14, 2008, plaintiff moved for an enlargement of time in which to oppose defendants' motion and for a further extension of his deadline to file a reply to his own motion. In a text order entered on February 15, 2008, plaintiff was granted an extension of time to March 7, 2008, to oppose defendants' motion, and defendants were given until March 17, 2008, in which to file a reply brief. There is no indication in the record that plaintiff's deadline for filing a reply to his own motion has been moved.

Now plaintiff has filed a third request for an enlargement of time in which to oppose defendants' motion and a reply relating to his own motion. In support of his motion, plaintiff explains that he has been unable to send the court his response to defendants' motion to dismiss and the reply to his own motion because the business office at the Racine Youthful Offender Correctional Facility is ignoring his requests for legal loans to pay the cost of copying and mailing the materials to defendants and this court. He says that he has been trying for two months to get the loan. Initially, he was told that he would have to wait until the officer supervisor returned from an absence. Later, he was told "that's your problem" in response to his complaint that he still had not heard anything about the status of the request. Finally, about a week ago, plaintiff asked that money be transferred from his release

2

account to his regular account so that he could pay his own postage and copying fees and that request was denied.  Plaintiff says he has used only $4.71 from his legal allotment for this year, and cannot understand why his request is being ignored.  He asks that the court order prison officials to allow him to use release account funds and grant him one last extension of time to submit his opposition and reply materials.

Unfortunately, I do not have authority to order state officials to allow plaintiff access to his release account funds to pay the costs of litigating this case.  State law governs the use of release account money.  Under that law, "[r]elease account funds may not be disbursed for any reason until the inmate is released to field supervision."  Wis. Admin. Code § DOC 309.466.

I will grant plaintiff one last extension of time to submit his materials in opposition to defendants' motion and in reply to his own motion.  Although plaintiff has not supplied documentation of his efforts to obtain legal loan funds for the purpose of copying and mailing his documents, I accept his representation that he has been attempting to communicate his requests to the business office for an extended period of time and that his requests are not being processed in a timely manner.  To insure that there are no further delays in this case, I am sending a copy of this order to the warden and requesting that he take whatever steps are necessary to insure that plaintiff's request for legal loan privileges is acted on swiftly.

3

ORDER

IT IS ORDERED that

1. Plaintiff's request that this court order prison officials to allow him access to his release account funds for the purpose of paying the costs of litigating this case is DENIED.

2. Plaintiff's motion for an enlargement of time within which to oppose defendants' motion for summary judgment and file his reply brief is GRANTED. Briefing on the cross motions for summary judgment is modified as follows:

      a. Plaintiff may have until March 27, 2008, in which to serve and file his brief, proposed findings of fact and evidentiary materials in opposition to defendants' motion for summary judgment and a reply brief in support of his motion for summary judgment. No further delays will be permitted.

      b. Defendants may have until April 3, 2008, in which to serve and file a reply to plaintiff's opposition to their motion.

3. A copy of this order is being sent to the warden of the Racine Youthful Offender Correctional Facility with a request that the warden insure that plaintiff's request for approval of legal loan funds to pay the costs of copying and mailing his summary judgment

materials is handled without further delay.

Entered this 14th day of March, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge